# UNITED STATES

*v.*

# EDUARDO BOSCH.

---

San Juan, Criminal, No. 961.

### AMOUNT OF BAIL BOND.

Criminal Law—Bond.

    1. The bond exacted by a United States commissioner is functus officio when the defendant appears before the district court and pleads.

Same—Condition in. Life.

    2. The object of a bond is to secure the presence of the defendant at the trial, and must not be so fixed as to be oppressive, or force him to remain in jail. His condition in life will affect the amount of the bond.

Same—Amount of Bond.

    3. In fixing a bond the court must take into account only circumstances which it can itself control, and not be influenced by war or other regulations which may be changed at any time by other authorities. In fixing the amount, the possible fine may be considered.

Opinion filed June 19, 1918.

---

*Mr. Daniel F. Kelley,* Assistant District Attorney, for the government.

*Mr. Frank Martinez* for defendant.

United States v. Bosch.

HAMILTON, Judge, delivered the following opinion:

It seems that in this case proceedings were first had before Commissioner Frazer, and after the hearing he put the defendant under a $10,000 bond in the usual form to answer the charge which might be brought against him in this court. The grand jury found an indictment of five counts against him, charging violent language in connection with his being called under the military draft, and using opprobrious terms of the President. Upon arrangement, the indictment was read to the defendant in the usual course, and by his attorney he asked time to plea or demur. This has been granted until Saturday, June 22. The question of bond in the meantime has to be adjusted.

1. The form of bond used by commissioners is quite general in its wording. It is for the defendant to "personally appear before the district court of the United States in and for the district of Porto Rico . . . and then and there answer the charge." It is suggested that this would extend the bond until a plea is entered, that is to say, until June 22. This, however, cannot be true. The jurisdiction of the commissioner is that of a committing officer, and it cannot extend to anything done before the district court. He is an appointee of the court, and cannot in any way prescribe the functions or machinery of the court itself. The fact that further time is given to the defendant to answer cannot be extended beyond the needs of the case. He is given more time for his own convenience, not to take away any of the rights or duties of the court which gives him the additional time. His bond to answer before this court, therefore, must be held to expire when the indictment is

United States v. Bosch.

read to him and he makes his reply, whether that be a plea or an application for further time to plead. The bond of the commissioner, therefore, is functus officio when he appears before this court, and the court takes jurisdiction for any purpose.

2. The bond of the commissioner was, no doubt, adequate at the time it was required, that is to say, before it was known whether the indictment would be found by the grand jury or not. Conditions, however, are now changed. The grand jury has not only sustained the commissioner, but has found an indictment which, if true, shows a serious offense, and in fact what may possibly be considered as five offenses of a similar nature. The object of a bond is to secure the presence of the defendant at the trial. It is not intended and is never construed in a way which would be oppressive to the defendant beyond securing that result. Excessive bail shall not be required. Constitution, Amendment 8. In other words, the bond will never be fixed so high as to prevent a defendant from obtaining sureties, and thus force him to remain in jail, unless possibly such a high bond is required by peculiar circumstances of a particular case. There is nothing of this kind in the case at bar, and the measure of the bond will be what will secure the attendance of the prisoner at the trial. The rank in life of the particular prisoner must be taken into account in such case. A friendless peon, who is practically a pauper, should not be required to give a large bond, because a small bond would, to him, be the equivalent of a large bond to a person in well-to-do circumstances. On the other hand, it seems that the defendant belongs to a well-to-do if not wealthy family, and is probably able to give any reasonable bond.

United States v. Bosch.

3. What the amount of the bond should be depends upon the facts of the particular case. It is alleged that the prisoner could not escape from Porto Rico in any event, because to do so he would have to go by boat, and no one is admitted to the piers except by a permit of the marshall of this court, and no one is taken on board a vessel without a passport, or its equivalent. These regulations are due to the existence of war with Germany. It does not appear, however, that this court can take these circumstances into account to any material extent. They are circumstances over which this court has no control and it is conceivable that the rules might be moderated or abolished any day, for public reasons. In fixing a bond the court must take into account only what it can itself control, that is to say, fix a bond which it can enforce regardless of surrounding circumstances. On the trial the presumption of innocence obtains. Every man is presumed innocent until he is proved guilty. In fixing a bond, however, it might almost be said the converse is true, and that everyone is presumed to be guilty until he is tried. Of course, this is true only for the moment of fixing the bond, and no longer, the idea being that the prisoner must not be allowed to take advantage of any presumption in order to make his escape easy. As to the amount of the bond, this court has previously, and I think rightly, taken into account the fine which the government could recover. That is sometimes the rule in civil attachment and other cases involving money, and where it would not act oppressively it would seem to be a fair criminal standard, to be varied according to circumstances of course, imprisonment is part of the punishment, and possibly the principal part, but that can hardly be measured by a money value. In the case at bar the

United States v. Bosch.

fine which may be imposed is $10,000, that is to say, that amount on each count. The possible fine, therefore, is $50,000. It would seem that if the court should fix a bond of half this amount it would be going as far as it should in favor of the prisoner, and that amount will be fixed. However, if, after proper effort, it proves impossible to secure sureties for a bond of this amount, application may be had and the court will reexamine the matter.

The conclusion, therefore, is that the bond shall be fixed at $25,000.

It is so ordered.